J-A05009-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
:
v. :
:
:
:
CHRISTOPHER L. MILLER :
:
Appellant : No. 838 EDA 2023

Appeal from the PCRA Order Entered February 17, 2023
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0013822-2013

BEFORE:  DUBOW, J., KING, J., and LANE, J.

MEMORANDUM BY DUBOW, J.:                    **FILED MARCH 13, 2024**

Appellant, Christopher Miller, appeals *pro se* from the February 17, 2023 Order that dismissed as untimely his second petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-46.  Because Appellant's PCRA petition is untimely and Appellant has failed to prove an exception to the PCRA time bar, we affirm the PCRA court's dismissal.

**A.**

The relevant factual and procedural history is as follows.  On March 9, 2015, Appellant entered into an open guilty plea for Murder of the Third-Degree and Endangering the Welfare of a Child ("EWOC").  On November 30, 2015, the court sentenced Appellant to a term of 15 to 30 years' incarceration for Third-Degree Murder, followed by 7 years' probation for EWOC.  Ronald Greenblatt, Esq., represented Appellant throughout his pre-trial proceedings and guilty plea.  Following the reinstatement of his direct appeal rights *nunc*

*pro tunc* in a PCRA proceeding, Appellant filed his notice of appeal. This Court affirmed Appellant's judgment of sentence on June 9, 2017, and Appellant did not seek further review of his judgment of sentence. ***Commonwealth v. Miller***, 2017 WL 2493647 (Pa. Super. June 9, 2017). Appellant's judgment of sentence, thus, became final 30 days later, on July 10, 2017.

Appellant filed a PCRA petition on August 29, 2017. The court appointed attorney, James Lammendola, Esq., as PCRA counsel. Attorney Lammendola filed a ***Turner***/***Finley***[1] no-merit letter. The PCRA court dismissed the petition on February 20, 2018, and Appellant did not appeal.

On March 10, 2022, Appellant filed the instant *pro se* PCRA petition, his second, asserting that both Attorney Greenblatt and Attorney Lammendola provided ineffective assistance of counsel. PCRA Petition, 3/10/22, at 14-15. On August 11, 2022, the Commonwealth filed a response. Appellant filed *pro*

---

[1] ***See Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988); ***Commonwealth v. Finley***, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

*se* an amended PCRA petition on January 23, 2023. On February 17, 2023,

the PCRA court entered an Order dismissing Appellant's PCRA petition.[2,3]

**B.**

Appellant timely filed a *pro se* Notice of Appeal. Appellant and the PCRA

court both complied with Pa.R.A.P. 1925.

Appellant raises the following issue for our review:

> The PCRA court erred as a matter of law when it applied or entered a decision that is contrary to clearly established state and federal law as determined by the Pennsylvania and United States Supreme Courts [ w]here evidence of record demonstrates [A]ppellant's actual innocence warranting relief pursuant to ***McQuiggins*** [*sic*] ***v. Perkins***, 133 S.Ct. 1924 (2013)[.] Appellant further exercised the timeliness exception by invoking his actual innocence, the particular circumstances of this case demonstrate Sixth Amendment violations as determined in ***Strickland v. Washington***[,] 104 S.Ct. 2052 (1984) and Fourteenth Amendment violations as determined by ***Berger v. United States***, 295 U.S. 78 (1935) resulting in the wrongful conviction of one who is actually innocent warranting equitable tolling in this matter.

Appellant's Br. at 4 (suggested answer omitted).

---

[2] The record does not indicate that the PCRA court issued a Rule 907 notice or held a hearing before dismissing Appellant's petition. Nonetheless, Appellant has waived any defect in notice because he failed to raise this issue on appeal. ***See Commonwealth v. Taylor***, 65 A.3d 462, 468 (Pa. Super. 2013) ("The failure to challenge the absence of a Rule 907 notice constitutes waiver."). "Moreover, failure to issue [a] Rule 907 notice is not reversible error where the record is clear that the petition is untimely." ***Commonwealth v. Zeigler***, 148 A.3d 849, 851 n.2 (Pa. Super. 2016).

[3] Although the PCRA court did not specify the reason for dismissal in its Order, its Rule 1925(a) Opinion makes it clear that it dismissed Appellant's petition because it was facially untimely, and he failed to plead and prove an exception to the PCRA's time bar. PCRA Ct. Op., 5/12/23, at 3-5.

**C.**

Our well-settled standard of review of the denial of a PCRA petition is as follows. "We review the denial of a PCRA petition to determine whether the record supports the PCRA court's findings and whether its order is free of legal error." ***Commonwealth v. Kelsey***, 206 A.3d 1135, 1139 (Pa. Super. 2019). However, before we review the issues raised on appeal, we must determine whether Appellant's petition satisfies the PCRA court and our Court's jurisdictional requirements.

It is well-established that the timeliness of a PCRA petition is jurisdictional; if a PCRA petition is untimely, courts lack jurisdiction over the claims and cannot grant relief. ***Commonwealth v. Wharton***, 886 A.2d 1120, 1124 (Pa. 2005). To be timely, a PCRA petition, including a second or subsequent petition, must be filed within one year of the date that a petitioner's judgment of sentence becomes final. 42 Pa.C.S. § 9545(b)(1). "[A] judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of the time for seeking the review." 42 Pa.C.S. § 9545(b)(3). The PCRA's jurisdictional time bar "is constitutionally valid." ***Commonwealth v. Cruz***, 852 A.2d 287, 292 (Pa. 2004). Here, Appellant's PCRA petition, filed approximately 5 years after his judgment of sentence became final, is patently untimely.

In both his initial and amended petitions, Appellant attempted to overcome the jurisdictional time bar by claiming that ***McQuiggin v. Perkins***[4] creates an exception to the time bar for claims of actual innocence, and that ***Commonwealth v. Bradley***[5] and ***Martinez v. Ryan***[6] create a new constitutional right to challenge ineffective assistance of trial and PCRA counsel and "excuse[] an otherwise untimely filing."  PCRA Petition at 30-31; Amended PCRA Petition, 1/23/23, at 6.

In his brief to this Court, Appellant maintains that the holding in ***Bradley*** created a new constitutional right so that his ineffectiveness claim raised in his second PCRA petition falls within the exception provided in 42 Pa.C.S. § 9545(b)(1)(iii). Appellant's Br. at 22.  He also maintains that his actual innocence provides an exception to the PCRA's one-year time bar.  ***Id.*** at 7-8, 15.

_____

[4] In ***McQuiggin***, the U.S. Supreme Court held that a petitioner who makes a credible claim of actual innocence may invoke the miscarriage of justice exception to overcome the statute of limitations for filing a federal *habeas corpus* petition.  ***McQuiggan***, 133 S.Ct. at 1931.

[5] 261 A.3d 381 (Pa. 2021).  In ***Bradley***, our Supreme Court held that "a PCRA petitioner may, after a PCRA court denies relief, and after obtaining new counsel or acting *pro se*, raise claims of PCRA counsel's ineffectiveness at the first opportunity to do so, even if on appeal."  ***Id.*** at 402.

[6] 132 S.Ct. 1309 (2012).  In ***Martinez***, the U.S. Supreme Court held that, for purposes of federal *habeas corpus* petitions, "[i]nadequate assistance of counsel at initial-review collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance [of trial counsel]."  ***Id.*** at 1315.

*

We first address Appellant's invocation of **Bradley** as creating a new constitutional right that applies retroactively so as to render his ineffective assistance of counsel claim timely under Section 9545(b)(1)(iii).

First, it is well-established that claims of ineffective assistance of counsel do not fall within any of the timeliness exceptions provided in the PCRA. **Commonwealth v. Wharton**, 886 A.2d 1120, 1127 (Pa. 2005).

Next, with respect to Appellant's invocation of Section 9545(b)(1)(iii), we note that the PCRA provides a timeliness exception for newly established constitutional rights recognized by the Supreme Court of the United States or the Pennsylvania Supreme Court that have been held by that court to apply retroactively. 42 Pa.C.S. 9545(b)(1)(iii). **See also Commonwealth v. Spotz**, 171 A.3d 675, 679 (Pa. 2017) (citation and internal quotation marks omitted) (stating that, for the exception to apply, "a petitioner must prove that there is a new constitutional right and that the right has been held by that court to apply retroactively."). Because the language "has been held" is in the past tense, the legislature clearly intended that the right was already recognized at the time the petition was filed, "*i.e.*, that the court has already held the new constitutional right to be retroactive to cases on collateral review." **Id.** (citation omitted).

Although this Court has not addressed the applicability of **Bradley** as to the newly recognized constitutional right exception in a published decision, several unpublished decisions have rejected the argument. **See**

- 6 -

*Commonwealth v. Ruiz–Figueroa*, 2023 WL 4115626 at *2 (Pa. Super. filed June 22, 2023) (collecting cases); *see also* Pa.R.A.P. 126(b) (unpublished non-precedential decisions of the Superior Court filed after May 1, 2019, may be cited for their persuasive value).

Moreover, this Court has observed that "[n]othing in *Bradley* creates a right to file a second PCRA petition outside the PCRA's one-year time limit as a method of raising ineffectiveness of PCRA counsel or permits recognition of such a right." *Commonwealth v. Stahl*, 292 A.3d 1130, 1136 (Pa. Super. 2023). In fact, the *Bradley* Court itself clarified that that "an approach favoring the consideration of ineffectiveness claims of PCRA counsel ... does not sanction extra-statutory serial petitions." *Bradley*, 261 A.3d at 403.

Based on the above authority, Appellant's attempt to raise a claim of ineffective assistance of counsel under the PCRA's third timeliness exception fails.

\*

Appellant also argues that his claim of actual innocence allows the courts to address the merits of his claims raised in his untimely petition. *See* Appellant's Br. at 15, citing *McQuiggin*; at 24, citing *Strickland* and *Berger*. *See* also PCRA Petition at 30-31; Amended PCRA Petition at 6. After review, we agree with the PCRA court that none of the cases Appellant cites apply to state post-conviction proceedings. PCRA Ct. Op. at 4-5.

First, Appellant argued in his PCRA petition that *McQuiggin* holds that "[a]ctual innocence and manifest injustice may in and of itself give cause to

excuse an otherwise untimely filing." PCRA Petition at 31; **see also** Appellant's Br. at 25. This Court rejected a similar challenge in **Commonwealth v. Brown**, 143 A.3d 418 (Pa. Super. 2016).

In **Brown**, after the court denied his untimely fourth PCRA, the appellant asserted that, under **McQuiggin**, it was unconstitutional to apply the PCRA's time bar to a claim of actual innocence. **Brown**, 143 A.3d at 420. We rejected that argument, holding that a change in federal *habeas corpus* law is irrelevant to timeliness under our Commonwealth's PCRA. **Id.** at 421.

Here, the PCRA court explained that Appellant's reliance on **McQuiggin** provides no basis for relief. It stated:

> [u]nder **McQuiggin**, a petitioner asserting an actual innocence claim may overcome the federal *habeas corpus* statute of limitations through invoking the miscarriage of justice exception. [] Here, [Appellant] is making a state PCRA claim, not a federal *habeas corpus* claim. Pennsylvania courts have specifically stated, "[ w ]hile **McQuiggin** represents a further development in federal *habeas corpus* law . . . this change in federal law is irrelevant to the time restrictions of our PCRA." **Commonwealth v. Brown**, 143 A.3d 418, 421 (Pa. Super. 2016).

PCRA Ct. Op. at 4. We agree.[7]

---

[7] In his PCRA petition, Appellant also relied on **Martinez** to support his claim. Amended PCRA Petition, 1/23/23, at 6. However, this Court rejected such reliance in **Commonwealth v. Saunders**, 60 A.3d 162, 165 (Pa. Super. 2013), when we observed that "[w]hile **Martinez** represents a significant development in federal *habeas corpus* law, it is of no moment with respect to the way Pennsylvania courts apply the plain language of the time bar set forth in section 9545(b)(1) of the PCRA."

Finally, with respect to Appellant's claim that **Strickland** and **Berger** provide a basis for this Court to address "evident" violations of his constitutional rights raised by his claims in his untimely PCRA Petition, **see** Appellant's Br. at 24, we agree with the PCRA court's observation that neither **Stickland** nor **Berger** addressed an untimely petition seeking post-conviction relief. **See** PCRA Ct. Op. at 4. Accordingly, none of the cases upon which Appellant relies provide a basis upon which to invoke our Court's jurisdiction.

**D.**

Because Appellant has failed the meet the PCRA's timeliness requirements, this Court, like the PCRA court, lacks jurisdiction to consider the merits of Appellant's issues. Therefore, we affirm the dismissal of Appellant's second PCRA petition.

Order affirmed.


Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary


Date:  3/13/2024